IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BOBBY KELLY,** | § | |
|     **Petitioner,** | § | |
| | § | |
| **vs.** | § | **NO. C-07-382** |
| | § | |
| **NATHANIEL QUARTERMAN[1],** | § | |
|     **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate at TDCJ-CID's McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner has filed a petition pursuant to 28 U.S.C. § 2254, challenging a disciplinary conviction (D.E. 1, 8). Pending is petitioner's motion requesting the appointment of counsel (D.E. 9).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered on October 2, 2007, and respondent's answer is not due until December 19, 2007. Scheduling an evidentiary hearing and appointing counsel at this time would be premature.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and

---

[1] Nathaniel Quarterman, Director of TDCJ-CID, is the proper respondent in this action, and is substituted as respondent. Rule 2(a), Rules Governing Section 2254 Cases.

issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, Petitioner's Motion for Appointment of Counsel (D.E. 8) is DENIED without prejudice.

ORDERED this 6th day of December, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE